WARD LAW FIRM
A LAW CORPORATION
Margaret E. Ward  # 10580
P.O. Box 1112
Kamuela, Hawaii 96743
Tel. No.:    (808) 674-7901
Fax No.:    (808) 207-0302
Email:      molly@wardhawaii.com

Attorney for Plaintiff
ANNE ADAMS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANNE ADAMS, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES POSTAL SERVICE and DOES 1-20, inclusive, inclusive, <br><br> Defendants. | CASE NO. 1:22-CV-203 <br><br> COMPLAINT; DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff ANNE ADAMS ("Plaintiff"), by and through her attorney Margaret E. Ward, for a Complaint against the above-named defendants, alleges and avers as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction of the claims against Defendants pursuant to 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 1402(b).

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims, injuries and/or damages occurred in this judicial district.

3. Plaintiff has exhausted her administrative remedies as required under 28 U.S.C § 2675(a) of the Federal Torts Claims Act, 28 U.S.C. § 1346 et seq.

## PARTIES

4. Plaintiff ANNE ADAMS ("Plaintiff") is a resident of Kamuela, County of Hawaii, State of Hawaii.

5. Defendant UNITED STATES POSTAL SERVICE is, and was at all relevant times herein, a agency of the UNITED STATES OF AMERICA. Based upon information and belief, Defendant UNITED STATES POSTAL SERVICE exercises ownership and/or control over the subject location giving rise to Plaintiff's claims, injuries and/or damages.

6. Does 1 through 20, inclusive, are sued under such fictitious names because their true names and capacities, whether individual, corporate or otherwise, are presently unknown to Plaintiff. When the true names and capacities

of Does 1 through 20, or any of them are ascertained, Plaintiff will seek leave to amend this pleading to reflect accurately such real names and capacities. Plaintiff is informed and believes, and based upon such information and belief, alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in the Complaint and the Plaintiff's damages as alleged herein were approximately and legally caused by their conduct.

7. Whenever and wherever reference is made to individuals who are not named as Defendant in this action, but were the agents and/or employees of Defendant, or any of the, it is alleged that such individuals at all time acted on behalf of Defendants named in this action within the course and scope of their respective agencies and/or employments.

8. Whenever and wherever reference is made in this Complaint to any conduct of Defendant UNITED STATES POSTAL SERVICE, or any of them, such allegations or references shall also be deemed to mean the conduct of each agency or office of Defendant UNITED STATES POSTAL SERVICE acting individually, jointly, and severally.

9. At all times relevant herein, all officials, employees, and agents of Defendant UNITED STATES POSTAL SERVICE were acting pursuant to authority delegated or conferred by Defendant and, in doing or failing to do the

things complained of herein, were acting within the scope of that authority.

10.   At all times relevant herein, Defendant UNITED STATES POSTAL SERVICE and one or more of its employees and agents were acting pursuant to the official policies, practices, and/or customs of the Defendant which have been approved, ratified, and/or enforced by the persons and/or entities with final decision-making authority.

## FACTS

11.   Plaintiff ANNE ADAMS incorporates by reference all the above paragraphs as though fully set forth herein.

12.   The subject incident occurred on or about November 4, 2019.

13.   On or about November 4, 2019, Plaintiff Anne Adams was at the Kamuela Post Office, located at 67-1197 Mamalahoa Highway, Kamuela Hawaii 96743 ("subject location").

14.   Plaintiff was exiting the subject location, when suddenly and unexpectedly slipped and/or tripped in attempting to step down from the curve into the parking lot.

15.   The curb was broken apart with non-obvious decay, making an uneven crevice on the edge approximately four inches wide and two inches deep.

16. When Plaintiff fell, her left knee landed in the crevice of the defective curb.

17. This hazardous condition was not obvious to Plaintiff ANNE ADAMS, or to individuals similarly situated to her.

18. Plaintiff ANNE ADAMS immediately experienced pain in her lower extremity.

19. Plaintiff's accident was witnessed by companions with whom Plaintiff ANNE ADAMS had been walking on the pedestrian sidewalk.

20. Due to the subject incident, Plaintiff ANNE ADAMS sustained a patella fracture. She also sustained secondary injuries. Plaintiff continues to experience pain and functional limitations in her left kneecap due to the subject incident.

## CAUSES OF ACTION

## COUNT I

## NEGLIGENCE

21. Plaintiff ANNE ADAMS incorporates by reference all the above paragraphs as though fully set forth herein.

22. Defendant UNITED STATES POSTAL SERVICE owns and/or exercises control over the subject location.

23. Defendant UNITED STATES POSTAL SERVICE owed the following duties to Plaintiff:

    a. A duty to maintain the subject location in a reasonably safe and non-hazardous condition;

    b. A duty to timely identify and correct any unreasonable and/or nonobvious hazardous conditions present at the subject location;

    c. A duty to timely respond to reports of crevices or decay at the subject location; and

    d. A duty to warn business invitees of the existence of any unreasonable and/or nonobvious hazardous conditions at the subject location, including but not limited to crevices or decay.

24. Defendant UNITED STATES POSTAL SERVICE breached the duties it owed to Plaintiff ANNE ADAMS when it failed to maintain the subject location, identify and correct the hazardous condition at the subject location, and adequately warn Plaintiff ANNE ADAMS of the existence of the unreasonably hazardous condition.

25. As a direct and proximate result of Defendant UNITED STATES POSTAL SERVICE's breach of their duties, Plaintiff ANNE ADAMS slipped and fell and suffered serious injuries, causing damages to Plaintiff in an amount to be

proven at trial.

## COUNT II

## NEGLIGENT TRAINING AND SUPERVISION

26. Plaintiff ANNE ADAMS incorporates by reference all the above paragraphs as though fully set forth herein.

27. Defendant UNITED STATES POSTAL SERVICE had a duty to properly train and supervise its agents, employees, and representatives.

28. Upon information and belief, Defendant UNITED STATES POSTAL SERVICE breached its duty to properly train its agents, employees, and representatives by failing to have procedures in place to 1) maintain the subject location in a safe and non-hazardous condition, 2) identify and correct the hazardous condition at the subject location and 3) adequately warn Plaintiff ANNE ADAMS of the existence of any and all hazardous conditions.

29. Defendant UNITED STATES POSTAL SERVICE breached its duty to properly supervise its agents, employees, and representatives by failing to instruct the same to maintain the premises in a safe and non-hazardous condition, identify and correct the hazardous conditions at the subject location, and 3) adequately warn Plaintiff ANNE ADAMS of the existence of unreasonably hazardous conditions.

30. As a direct and proximate result of Defendant UNITED STATES POSTAL SERVICE's breach of its duties to train and supervise its agents, employees, and/or representatives, Plaintiff ANNE ADAMS suffered serious damages in an amount to be proven at trial.

### COUNT III

### NEGLIGENT ENTRUSTMENT

31. Plaintiff ANNE ADAMS incorporates by reference all the above paragraphs as though fully set forth herein.

32. Upon information and belief, at all relevant times herein, Defendant UNITED STATES POSTAL SERVICE was in principal-agent relationships with unknown Doe Defendants who provided services to Defendant UNITED STATES POSTAL SERVICE.

33. Upon information and belief, unnamed Doe Defendants were employees, officers, and/or agents of Defendant UNITED STATES POSTAL SERVICE, and were acting within the scope of their employment and/or agency when the tortious behavior described herein occurred.

34. As a direct and proximate result of the negligent acts and omissions of the unknown Doe Defendants, Plaintiff ANNE ADAMS was seriously injured and has suffered damages in an amount to be proven at trial.

35. Defendant UNITED STATES POSTAL SERVICE is vicariously liable for the negligent acts and omissions of its employees, officers, and/or agents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANNE ADAMS respectfully requests that:

1. Judgment be entered in her favor and against Defendant UNITED STATES POSTAL SERVICE, jointly and severally, on all counts of the Complaint;

2. Plaintiff be awarded general, special, and compensatory damages in amounts to be determined at trial; and

3. For such other relief as this Court deems just and proper.

DATED: Kamuela, Hawaiʻi, May 3, 2022.

*/s/ M. Ward*
MARGARET E. WARD
Attorney for Plaintiff
ANNE ADAMS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANNE ADAMS,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE and DOES 1-20, inclusive, inclusive,<br><br>        Defendants. | CASE NO. 1:22-CV-203<br><br>DEMAND FOR JURY TRIAL |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable of right by jury in this case, pursuant to Rule 38, Federal Rules of Civil Procedure

DATED:   Kamuela, Hawai'i, May 3, 2022.

_M. Ward_____
MARGARET E. WARD
Attorney for Plaintiff
ANNE ADAMS